Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
__Middle__ District of __Florida__
__Ocala__ Division

Plaintiff(s): Christopher Ryan Griffis

Case No. 5:25-cv-207-CEM-PRL
*(to be filled in by the Clerk's Office)*

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Defendant(s): John Alexander; Debra Alexander; Alan Holt; Christopher Ferebee; Sharon Feliciano; Sheriff Woods; Joshua Walton; Bar Association et Al; The Wall of Silence

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Christopher Griffis
All other names by which you have been known:
ID Number: 0276514
Current Institution: Marion County Jail
Address: 3290 NW 10 ST
Ocala, FL 34475

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: John Alexander
Job or Title (if known): Retired Judge
Shield Number:
Employer: County of St. Johns
Address: 4010 Lewis Speedway
St Augustine, FL 32084
[X] Individual capacity  [ ] Official capacity

Defendant No. 2
Name: Christopher Ferebee
Job or Title (if known): Judge
Shield Number:
Employer: County of St. Johns
Address: 4010 Lewis Speedway
St Augustine, FL 32084
[X] Individual capacity  [ ] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
- Name: Sharon Feliciano
- Job or Title (if known): General Magistrate
- Shield Number:
- Employer: St Johns County
- Address: 4010 Lewis Speedway, St. Augustine, FL 32084

☒ Individual capacity   ☐ Official capacity

Defendant No. 4
- Name: Debra Alexander
- Job or Title (if known): Attorney
- Shield Number:
- Employer: Self
- Address: P.O. Box 3944, St Augustine, FL 32085

☒ Individual capacity   ☐ Official capacity

SEE ATTACHED

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Amend I; V; VIII, XIII, XIV; 18 USC 242; 18 USC 241; 42 USC 1994; 18 USC 1590;

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

___N/A___

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

___See: Attached___

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [x] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

___See II.D___

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

From 2009 to Present

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See II.D.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Ongoing treatment for C-PTSD, Legal Abuse Syndrom (LAS), Injuries to hands, L Shoulder, L Elbow, both knees, L Hip, Wound care was denied, medication was denied for a week, a wheelchair was permitted for 2 days but needed for two weeks, permanent scarring, L Knee is still in constant pain, Flashbacks, Nightmares, Hypervigilance, Depression, Anxiety.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. John and Debra Alexander should be arrested and sanctioned along with Christopher Freebee and Sharon Felicino for crimes amounting to racketeering activity, kidnapping, Violations of rights, conspiracy, fraud, perjury, and others. Plaintiff should be released from custody Immediately and provided safe haven, as well as damages in the 10's of millions for over a decade of fighting corruption and slavery. Joshua Welton should be arrested for falsifying a public record and Armed Kidnapping. The Children VG HG and SG as well as OG in a case related case should be awarded 1 million each per year denied contact with their father. All sanctions against Plaintiff shall be dissolved. Custody should be established with Plaintiff's minor children being returned to him.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes
☐ No         N/A
☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes
☐ No         N/A
☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☐ No        N/A

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☐ No        N/A

E. If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   N/A

<u>Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)</u>

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Wrote internal affairs about Sochos Welton. Internal Affairs officer said my claim was "unfounded" Deputy Trumnel provided me with a Writ of Bodily Attachment with no judgement or seal

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes
☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3. Docket or index number

    _____

4. Name of Judge assigned to your case

    _____

5. Approximate date of filing lawsuit

    _____

6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

<u>Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)</u>

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/22/2025

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Christopher Ryan Griffis
Prison Identification #: 0276514
Prison Address: 3290 NW 10 ST
Ocala, FL 34475
City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
_____
City / State / Zip Code
Telephone Number _____
E-mail Address _____

# Attachments

CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

STATE OF FLORIDA
vs.
CHRISTOPHER RYAN GRIFFIS
    DOB: 01/31/1988
    RACE: White
    GENDER: Male

Case Number: 25CF000623AX
Agency Case Number: S25003729

## COURT MINUTES

Judge: TIMOTHY T MCCOURT
State Attorney: STATE ATTORNEY
Defense Attorney: KATHRYN AMANDA HAMILTON

Event Date: 03/19/2025
Hearing Type: HEARING

Arrest Data:
| Date: | Booking #: | Agency Case #: | OBTS #: |
|---|---|---|---|
| 02/14/2025 | S25003729 | S25003729 | 4203239456 |

| | | | |
|---|---|---|---|
| 843.01 | RESISTING AN OFFICER WITH VIOLENCE | Felony Third Degree | 02/14/2025 |
| 836.12.2 | INTIMIDATION THREATEN WITH DEATH OR SERIOUS BODILY HARM TO LAW ENFORCEMENT OFFICER | Misdemeanor First Degree | 02/14/2025 |

**DOCKETS:**
HEARING RESULTS: MOTION TO PROCEED PRO SE IS STAYED UNTIL FURTHER NOTICE, ANY MOTIONS FILED BETWEEN NOW AND THE RESULTS OF THE COMPETENCY EVALUATION, ARE NULL/STAYED
DEFENDANT IS TO HAVE A MENTAL EVALUATION, COURT APPOINTS DR KROPP, ORDER TO FOLLOW

I HEREBY ACKNOWLEDGE receipt of a copy of this form and understand that I must comply with all applicable conditions noted above.

Filed in open court on March 19, 2025.

_____
Defendant's Signature
351 SW 80TH ST
OCALA, FL 34476
Mailing Address

_____
Deputy Clerk

*Copies to SAO/Probation/MCJ _____
*NCOP – Not a Condition of Probation

wfspun0x.h5y | Page 1 of 1

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST JOHNS COUNTY, FLORIDA

State of Florida, Department of
Revenue, On Behalf Of:
AMANDA L. GRIFFIS,

        Petitioner,

and

CHRISTOPHER R. GRIFFIS,

        Respondent.

Case No.: 2014-1519-DR
CSE No.: 2000876017

IV-D ORIGINAL PROCESS

**WRIT OF BODILY ATTACHMENT**
**(Child Support)**

TO ALL AND SINGULAR SHERIFFS AND OTHER AUTHORIZED LAW ENFORCEMENT PERSONNEL OF THE STATE OF FLORIDA:

YOU ARE ORDERED to take into custody <u>CHRISTOPHER R. GRIFFIS,</u> (see attached Description Sheet) and deliver him/her to the Judge of this Court, or to a designated hearing officer. The individual failed to appear before the court as ordered, failed to appear at a properly noticed hearing, and/or failed to comply with the previous order of the court which is attached and incorporated herein. **Service of this writ may be made on any day of the week and any time of the night or day, including Sunday and holidays. If the Respondent does not pay the purge and secure his/her release, a hearing will be held within 48 hours at the Respondent's first appearance after arrest.**

YOU ARE FURTHER DIRECTED to bring this person before the court within 48 hours of execution of the writ for a hearing to determine the individual's present ability to pay support and, if so, whether the failure to pay such support is willful, pursuant to Rule 12.615(c)(2)(B), Florida Family Law Rules of Procedure.

IT IS FURTHER ORDERED that the individual may purge this contempt and be immediately released from custody at any time by the payment of the sum of $ 4,000.00. Sheriff's costs of $70.00 **due only if Respondent is arrested**.

The court previously found in this proceeding that the individual had the ability to pay said sum. The Sheriff, or other authorized law enforcement personnel, executing this writ or having custody of the individual is authorized to assess and collect the actual costs associated with service of this writ and transportation of the individual pursuant to Section 61.11(2)(a), Florida Statutes.

PAYMENT SHALL BE MADE to the Sheriff of St. Johns County, Florida and shall be in the form of cash, cashier's check, certified funds, or money order. The purge payment, clearly marked with the individual's name and case number, and denoted as a purge payment shall be remitted to: The Office of the Clerk of Circuit Court for St. Johns County, Richard O. Watson Judicial Center, 4010 Lewis Speedway, St. Augustine, FL 32084.

The Sheriff's office, or other authorized law enforcement personnel's office, receiving payment shall provide the individual with a written receipt acknowledging payment. The receipt must be carried by the individual for a period of at least 30 days as proof of payment.

                **THIS ORDER SUPERSEDES ALL PRIOR CONFLICTING ORDERS.**

**DONE AND ORDERED** in St. Johns County, Florida this _5th_ day of _March_, 2024.

                                                  CIRCUIT JUDGE

**Copies furnished to:**
Alan Holt, P.A.; Sheriff of <u>ST. JOHNS</u> County

Filed for record 03/05/2024 11:45 AM Clerk of Court St. Johns County, FL

I.
   B. Defendant No. 5
      Alan Holt
      Attorney
      Florida Department of Revenue
      P.O. Box 8500
      Tallahassee, FL 32314
      Individual Capacity

   Defendant No. 6
      Joshua Watton
      Deputy
      Marion County Sheriff's Office
      P.O. Box 1987
      Ocala, FL 34478
      Individual Capacity

   Defendant No. 7
      Billy Woods
      Sheriff
      Marion County Sheriff's Office
      P.O. Box 1987
      Ocala, FL 34478
      Official Capacity

   Defendant No. 8 Bar Association et. al.
   Defendant No. 9 Blue Wall of Silence

## II.

D. 2009: John and Debra Alexander deprived Plaintiff of his son by using simulated legal process and not disclosing their close familial relationship. Debra filed a Petition for Establishment of Paternity falsely purporting Plaintiff's son lived in St Johns County with Plaintiff's sods mom and grandparents, instead of with Plaintiff to establish jurisdiction when it should have been filed in Plaintiff's county of residence. They did not disclose their close familial relationship and Plaintiff hired two attorneys who both resigned and refunded Plaintiff in full due to the corruption they witnessed but failed to report it to the BAR or JQC which ultimately led to Plaintiff being coerced into marriage by his former spouse who declared "if you don't marry me you'll never see VG again" a credible threat considering for approximately 10 months, Plaintiff had been denied any contact with VG without consequence.

2014: Divorce proceedings involved the same, Debra and John Alexander in case DR14-1519. Plaintiff knowing the corruption, and having no faith in a fair hearing, did not participate.

2018: Plaintiff's former spouse called Plaintiff saying her "boyfriend doesn't like the kids" and Plaintiff "can have them as much as you want". Debra Alexander filed a modification granting majority timesharing to Plaintiff.

2019: April — Plaintiff in the course of fatherly duty, was assaulted by St. Johns county Florida deputies in front of his children. He drove them away to safety. The next day Plaintiff was arrested on false charges. The charges were nonviolent in nature and did not include stalking. Debra and John Alexander used this opportunity to use the "Silver Bullet" method of a groundless injunction, and falsely reported incomes in a child support guidelines worksheet to interfere with Plaintiff's lawful custody of his minor children and charge him $860mo in child support, an impossible number.

2020: After battling the corruption and injunction for protection against domestic violence for over a year, John Alexander was finally, rightfully recused. The case was reassigned to Brian Razio. No BAR or JQC complaints were filed by Judge Howard Maltz who signed the recusal nor did John Alexander report his own corruption.

2021: The 5th DCA Affirmed the rulings of the recused judge in Griffis v. Griffis 5D20-1705, 316 So.3d. 701 (Table)(Fla. App. 2021) without a written opinion. Christopher Ferebee was assigned to the case. Plaintiff has never stopped fighting for shared custody and reunitement with his children.

2022: Christopher Ferebee, still denying contact, and refusing to modify child support to a lawful amount caused Plaintiff great emotional distress. The only requirement in the Injunction was to complete a "Parental Fitness Evaluation". In November 2022 that Parental Fitness Evaluation was completed determining that Plaintiff's children are safe in his care. That evaluation (costing plaintiff $1,500 and $300hr for expert testimony) was not enough to get Christopher Ferebee to allow any contact with the children VG, HG, and SG, and their father.

2023: Plaintiff filed another Petition for Modification of Custody after finding out his former spouse's boyfriend strangled their son. Plaintiff's former spouse's boyfriend is not permitted contact with his own children due to strangling their mom. Christopher Ferebee carried the terms of the Injunction (no contact) ($860mo child support) into the Final Order ignoring expert testimony and several witnesses supporting Plaintiff who trust him with their children, continuing the anguish and official oppression. Debra Alexander was hired by the mother of Plaintiff's newborn who is an addict and was endangering Plaintiff's son and denying custody or visitation in the same manner (see: St Johns County DR22-1985; DR22-2057). On or about October 2023 Plaintiff had a combined monthly child support debt of $1,500 because like John Alexander, Christopher Ferebee allowed child support to be miscalculated in order to create

an impossibility that would eventually lead to his arrest for debt. Sharon Feliciano presided over a hearing for sanction where Plaintiff provided proof of only $1800 mo in income derived from being a professional driver (TAXI, Medical Transport), and testimony that he is disabled, the child support was purposefully miscalculated, his children are kept from him without good cause, he is deemed a fit parent, and he has no means to pay a sanction. His pleas to not sanction him fell on deaf ears and Sharon Feliciano perjured the record falsely purporting a present ability to pay a sanction and falsely purporting a willful noncompliance and sanctioning the driver license of Plaintiff, ending his career and making him homeless in California, as he was on a taxi call at the time, in Los Angeles. No facts to support the "findings" are listed in the sanction as there were none. All evidence presented was suppressed by sustained objection. Being homeless in California Plaintiff applied for and was approved for TANF (cash assistance) and applied for Social Security to be reinstated.

2024: Using the TANF, Plaintiff drove to Florida to challenge his license suspension (sanction), showing proof of TANF and SSD/SSI application, lifetime earnings reports (to show the child support fraud) and other evidence, all suppressed in order to oppress Plaintiff and deny exculpatory evidence. In direct violation of FL. Stat. 61.13016 (1)(e) and (f) his license was sanctioned still and all defenses denied. Only weeks later the Writ of Bodily Attachment was ordered while the court knew he was on TANF and Pending disability, but while Plaintiff

was headed back to California. Considering the situation as a human trafficking situation, California provided a safe haven from the corruption in Florida and those trying to traffic him for debt. He was admitted into the "Safe at Home" program and provided housing through the "Rapid Rehousing" grant.

2025: Plaintiff's foster father died on January 27, 2025 and Plaintiff arrived in Florida to handle the Estate on January 30, 2025. Knowing about the Writ of Bodily Attachment those seeking to steal from the estate notified Marion County Sheriff's Office of Plaintiff's arrival at the estate. On February 14, 2025, Deputy Joshua Walton arrived at the estate in Ocala, Florida and used excessive, violent force to detain Plaintiff. He failed to provide a copy of the "Warrant" he said existed; and instead electrocuted, beat, and manhandled Plaintiff who was nonviolent. It should be noted that at no time was the "Warrant" presented, and the "Warrant" has no Judge name, No Official seal, no listed findings of fact to justify it, making it VOID ab initio. The "Writ" also demands that within 48 hours Plaintiff is to be brought before a judge to determine if the nonpayment is wilful and if Plaintiff has the present ability to pay a sanction of $4000 which to date, no determination has been made. Plaintiff is charged in Marion County with Resisting w/Violence and Verbal Threat though Joshua Wilson and his backup are the only violent parties. Plaintiff is held with NO Bond.